UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRIC EMIL THOMPSON,

    Petitioner,

v.                                                  Case No. 4:21-cv-151-MW/MJF

M. JOSEPH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Derric Emil Thompson ("Thompson") proceeding *pro se*, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. The undersigned recommends that Thompson's petition be dismissed for lack of jurisdiction because he clearly is seeking to challenge his conviction and sentence from the Middle District of Florida.[1]

**I. BACKGROUND**

Thompson was charged in the United States District Court for the Middle District of Florida with Conspiracy to Commit Mail Fraud. (Doc. 1 at 24); *United*

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

*States v. Thompson*, No. 8:20-cr-105 (M.D. Fla. Mar. 5, 2020).[2] On September 28, 2020, Thompson pleaded guilty before a magistrate judge. On October 16, 2020, the district court accepted Thompson's guilty plea and adjudicated him guilty of the offense. (ECF No. 47). On January 5, 2021, the district court sentenced Thompson to thirty-three months of imprisonment, three years of supervised release, and ordered that Thompson pay restitution. (ECF No. 58). Thompson neither appealed his conviction nor filed a motion to vacate his conviction or sentence under section 2255.

Instead, Thompson filed the instant habeas petition pursuant to 28 U.S.C. § 2241. In his habeas petition, Thompson challenges his conviction on the grounds that the government lacked standing to charge Thompson, the government lacked statutory authority to seek relief for the conspiracy, and that the United States District Court for the Middle District of Florida did not have jurisdiction to adjudicate Thompson guilty and impose a sentence.

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The undersigned will refer to documents filed in Thompson's criminal case as ("ECF No. ___") and documents filed in this current litigation as ("Doc. ___"). Thompson should have received the documents filed in his criminal case. In any event, the documents are also available from the clerk of the court for the Middle District of Florida.

## II. Discussion

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (citing *Andrews v. United States*, 373 U.S. 334, 37-38 (1963)). Thompson argues that he is permitted to file this case under section 2241 because a motion to vacate under section 2255 is ineffective and inadequate. Because this issue is jurisdictional, the court must consider whether this action is properly styled as a habeas petition under section 2241 or whether it is more appropriately considered as a motion to vacate under section 2255.

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *United States v. Hayman*, 342 U.S. 205, 211 (1952). The habeas remedy is now codified in section 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) (holding that a petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th

Cir. 2004) (noting that a petition challenging pre-trial detention is properly brought pursuant to § 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (discussing that a petition challenging Bureau of Prisons' administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).

Section 2255, however, is the means by which defendants challenge the legality of their convictions and sentences. *See Antonelli*, 542 F.3d at 1351-52; *Jordan*, 915 F.2d at 629 (noting that section 2255 is primary method of collateral attack on federally imposed sentence); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (stating that attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241). A collateral attack on the validity of a federal conviction and sentence also must be brought in the *district of conviction*. *Antonelli*, 542 F.3d at 1351-52; *Jordan*, 915 F.2d at 629.

Generally, a petitioner may not circumvent the procedural limitations on section 2255 motions simply by claiming that it is brought pursuant to section 2241. A petitioner only may seek to challenge the legality of his federal detention under section 2241 if he can show that a section 2255 action would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Johnson v. Warden*, 737 F. App'x 989, 990-91 (11th Cir. 2018); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). This "saving clause"

imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *McCarthan*, 851 F.3d at 1080.

In *McCarthan*, the Eleventh Circuit explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

851 F.3d at 1086-87. The *McCarthan* court determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review." 851 F.3d at 1092.

A section 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 999-1000 (11th Cir. 2021) (discussing *McCarthan*, 851 F.3d at 1092-93).

Thompson's habeas petition challenges the validity of his conviction. Indeed, Thompson's arguments succinctly put are that the United States District Court for the Middle District of Florida lacked jurisdiction to impose the sentence that it did. Despite the clear attack on the validity of his conviction and sentence, Thompson argues that he should proceed under the saving clause because section 2255 is "inherently hinged to a 'proper conviction,'" which is not the case here, he argues, because the district court that convicted and sentenced him lacked jurisdiction. This interpretation is clearly contrary to section 2255's plain language. Section 2255 expressly provides:

> A prisoner in custody under sentence of a court establish by an Act of Congress claiming the right to be released upon the ground . . . *that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Thus, the mere fact that the United States District Court for the Middle District of Florida purportedly lacked jurisdiction does not render a motion under section 2255 inadequate or ineffective.

The United States District Court for the Northern District of Florida lacks jurisdiction to entertain Thompson's habeas petition under section 2241 because Thompson seeks to invalidate his conviction and sentence. To challenge his conviction and sentence, Thompson would have to file a section 2255 motion with

the district court that convicted and sentenced him.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Thompson's habeas petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for lack of jurisdiction.

2. The clerk of the court close the case file.

At Pensacola, Florida, this 8th day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**